UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A.<br>111 W. Monroe Street<br>Chicago, Illinois 60603,<br><br>         Plaintiff,<br><br>     v.<br><br>LAWSON ENVIRONMENTAL<br>SERVICE L.L.C.<br>2237 DENLEY RD<br>HOUMA, LA 70363,<br><br>And<br><br>CECIL LAWSON<br>19250 S HWY 21<br>CEALEDONIA, MO 63631,<br><br>         Defendants. | Case No. _____<br><br>Civil Action<br><br><br>**COMPLAINT** |

Plaintiff, BMO Harris Bank N.A., by and through its undersigned counsel, hereby submits this Complaint against Lawson Environmental Service L.L.C. and Cecil B. Lawson, in support thereof, avers as follows:

## **PARTIES**

1.  Plaintiff, BMO Harris Bank N.A. (hereinafter "BHB") is a company organized and existing pursuant to the laws of the State of Illinois, and has its principal place of business in Chicago with an office at 111 W. Monroe Street, Chicago, Illinois 60603..  For purpose of diversity jurisdiction, BHB is a citizen of Illinois.

2.	Lawson Environmental Service L.L.C. (hereinafter "LES") is with its principal place of business at 2237 Denley Rd, Houma, LA 70636. Cecil B. Lawson is the sole member of the LLC and as set forth below he is a resident of Missouri.  For purpose of diversity jurisdiction, the LLC is a resident of Missouri.

3.	Cecil B. Lawson (hereinafter "Mr. Lawson") is an individual and resides at 19250 S Hwy 21, Caledonia, MO 63631.  For purpose of diversity jurisdiction, he is a resident of Missouri.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

5.	This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as the Defendant resides, lives or does business in the Eastern District of Missouri and as a substantial part of the events giving rise to the cause of action, including signing of the contracts at issue, occurred in the Eastern District of Missouri.

## STATEMENT OF FACTS

*Loan and Security Agreement 1*

On or about March 22, 2017, LES entered into a Loan and Security Agreement (hereinafter "Agreement 1") with BHB in the total amount of $541,589.85, attached hereto as **Exhibit A**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2018 | International | LT625 | Tractor 6x4 | 3HSDZAPR0JN203858 |
| 2017 | Tulsa | 34 | 34 | 20060100013 |

2

| 2018 | International | LT625 | Tractor 6x4 | 3HSDZAPR0JN578438 |
| 2017 | Tulsa | 34 | 34 | 20060100018 |
| 2018 | International | LT625 | Tractor 6x4 | 3HSDZAPR9JN203857 |
| 2017 | Tulsa | 34 | 34 | 200601000032 |

6. Pursuant to Agreement 1, LES agreed to make monthly payments for the purchase of the equipment (hereinafter "Equipment 1") beginning on or about May 10, 2017 for a term of 60 months as follows:

| Payment Amount | No. of Payments | Start Date |
|---|---|---|
| $7.532.86 | 59 | 5/10/17 |
| $97.151.11 | 1 | 4/10/22 |

7. Upon information and belief, LES kept the Equipment located at 2108 Denley Road, Houma, LA 70363.

8. Pursuant to paragraph 5.1 of Agreement 1, entitled "Events of Default", LES will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to [BHB] under Agreement 1.

9. Pursuant to paragraph 5.1 of Agreement 1, entitled "Remedies" upon default by LES, BHB may "declare the indebtedness hereunder to be immediately due and payable."

10. On or about May 10, 2018, LES defaulted under the terms of Agreement 1 by failing to make the minimum monthly payment.

**Loan and Security Agreement 2**

11. On about March 24, 2017 LES entered into a Loan and Security Agreement (hereinafter "Agreement 2") with BHB in the total amount of $324,018.00, attached hereto as **Exhibit B**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2017 | Vantage | Dump Trailers | 34-26' Frame Type | 4E7BA3037HATA5537 |

3

| 2016 | Vantage | Dump Trailers | 34-26' Frame Type | 4E7BA3039GATA5411 |
| 2017 | Dorsey | Steel Flatbeds | Steel Flatbeds: 48' | 5JYEF4821GE088301 |
| 2016 | Dorsey | Steel Flatbeds | Steel Flatbeds: 48' | 5JYEF482XGE088071 |
| 2017 | Vanguard | Dry Vans | Dry Vans: 53' | 5V8VC5329HM701578 |

12. Pursuant to Agreement 2, LES agreed to make monthly payments for the purchase of the equipment (hereinafter "Equipment 2") beginning on or about May 10, 2017 for the term of 72 months. LES was obligated to pay a minimum monthly payment of $4,500.25.

13. Upon information and behalf, LES kept the Equipment located at 2108 Denley Road, Houma, LA 70363.

14. Pursuant to paragraph 5.1 of Agreement 2, entitled "Events of Default", LES will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to [BHB] under this Agreement.

15. Pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies" upon default by LES, BHB may "declare the indebtedness hereunder to be immediately due and payable."

16. On or about May 10, 2018, LES defaulted under the terms of Agreement 2 by failing to make the minimum payment.

**Loan and Security Agreement 3**

17. On about March 24, 2017 LES entered into a Loan and Security Agreement (hereinafter "Agreement 3") with BHB in the total amount of $171,378.00, attached hereto as **Exhibit C**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2017 | Dragon | 021-0010R | 021-0010R | 591SH4822HC158064 |
| 2017 | Dragon | 021-0010R | 021-0010R | 591SH4829HC158062 |

4

18.     Pursuant to Agreement 3, LES agreed to make monthly payments for the purchase of the equipment (hereinafter "Equipment 3") beginning on or about May 10, 2017 for a term of 72 months. LES was obligated to pay a minimum monthly payment of $2,380.25.

19.     Upon information and belief, LES kept the Equipment located at 2108 Denley Road, Houma, LA 70363.

20.     Pursuant to paragraph 5.1 of Agreement 3, entitled "Events of Default", LES will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to [BHB] under this Agreement.

21.      Pursuant to paragraph 5.2 of Agreement 3, entitled "Remedies" upon default by LES, BHB may "declare the indebtedness hereunder to be immediately due and payable."

22.     On or about May 10, 2018, LES defaulted under the terms of Agreement 3 by failing to make the minimum monthly payment.

**Continuing Guaranty**

23.     On or about March 22, 2017, Mr. Lawson executed a Continuing Guaranty (the "Guaranty") personally and unconditionally guaranteeing LES's performance on all obligations to BHB. A true and accurate copy of the Guaranty is attached hereto as **Exhibit D**.

24.     Pursuant to the Guaranty, Mr. Lawson agreed to the prompt payment and performance of all obligations, liabilities and undertakings of LES to BHB under Agreement 2.

25.     Mr. Lawson, as personal guarantor of the debts of LES has failed to cure the default of LES.

**COUNT I: BREACH OF CONTRACT (LOAN AND SECURITY AGREEMENTS)**

26.     BHB incorporates by reference Paragraphs 1 through 23 as if set forth at length herein.

27. BHB and LES entered into valid contracts (the "Agreements") where Medtrans agreed to make monthly payments to BHB for use of the Equipment.

28. LES defaulted on the terms of the Agreements and therefore is in default for failure to pay.

29. BHB sustained significant damages in the amount of $791,552.66 due to LES's breach and default of the Agreement.

## COUNT II: CONTINUING GUARANTY (CECIL LAWSON)

30. Mr. Lawson entered into a valid written contract with BHB the Continuing Guaranty, (the "Guaranty") to induce BHB to extend credit to LES, whereby he personally guaranteed LES's prompt payment of all amounts owed to BHB, including all of LES's then existing and future obligations, debts and liabilities to BHB.

31. Moreover, by executing the Guaranty, Mr. Lawson guarantied the repayment of all amounts due under the Agreements and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and cost of any action instituted upon LES's default.

32. BHB demanded from Mr. Lawson that he pay the full amount of LES's debts, i.e., $791,552.66, plus interest and fees.

33. Mr. Lawson defaulted on his contractual obligations by failing to pay said amount.

34. As a result of Mr. Lawson's default, BHB has sustained significant damages in the amount of $791,552.66, plus BHB's attorneys' fees, legal expenses, and other costs.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A. respectfully requests this Court grant judgment against Defendants Lawson Environmental Service L.L.C. and Cecil B. Lawson, to pay BMO Harris Bank damages in an amount no less than $791,552.66, attorneys' fees, costs, and disbursements. Further, Plaintiff BMO Harris Bank N.A. respectfully requests this Court order such other and further relief as the Court deems just and proper.

Dated: August 10, 2018                                **WONG FLEMING**

                                               By:  */s/ Daniel C. Fleming*
                                                    Daniel C. Fleming, Esq.
                                                      821 Alexander Road, Suite 200
                                                      Princeton, NJ 08540
                                                      Tel: (609) 951-9520
                                                      *Attorneys for Plaintiff,*
                                                      *BMO Harris Bank N.A.*